# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.L.**

**No. 14-0573** (Wetzel County 12-JA-07)

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Stepfather, by counsel Justin Craft, appeals the Circuit Court of Wetzel County's May 9, 2014, order terminating the parental rights of A.L.'s biological mother.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order and also filed a supplemental appendix. The guardian ad litem, Roger Weese, filed a response on behalf of the child supporting the circuit court's order. On appeal, Petitioner Stepfather alleges that the circuit court erred in amending the petition after the final adjudicatory hearing to include him as a respondent in this matter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, Petitioner Stepfather, A.L.'s mother, and A.L.'s maternal grandmother were involved in a domestic altercation wherein Petitioner Stepfather grabbed A.L. by the arm and forcefully dragged him across the road against his will.[2] In July of 2012, the DHHR filed its initial petition for abuse and neglect alleging that A.L.'s mother was homeless. The DHHR subsequently filed an amended petition for the purpose of including the allegation that the mother was charged with child neglect resulting in the risk of injury towards A.L based upon the aforementioned domestic altercation involving Petitioner Stepfather and A.L. Petitioner Stepfather was not named as a respondent parent in either the initial or the amended petition.

On November 9, 2012, the circuit court held an adjudicatory hearing and adjudicated A.L.'s mother as an abusing parent within the meaning of West Virginia Code § 49-1-3 because

---

[1]A.L. was approximately four years old when the petition was filed.

[2]At the time, Petitioner Stepfather and the biological mother were not married. They married on June 4, 2012.

1

she permitted Petitioner Stepfather to knowingly inflict injury upon A.L. In May of 2013, the circuit court granted the mother an extension of her post-adjudicatory improvement period. The circuit court's findings reflect that Petitioner Stepfather was attending counseling with the mother.

By order entered on September 29, 2013, the circuit court granted the biological mother a three-month dispositional improvement period and directed the DHHR to provide Petitioner Stepfather with all available services. For the first time, the style of the circuit court's order named Petitioner Stepfather as a respondent parent. Thereafter, the circuit court terminated the mother's parental rights because she was unable to adequately provide for A.L.'s needs and continuation in the home was not in A.L.'s best interest. Importantly, the circuit court did not address or terminate any parental, custodial, or guardianship rights that Petitioner Stepfather may have had to A.L. It is from this order that Petitioner Stepfather now appeals.

Petitioner Stepfather argues that the circuit court erred in amending the case to include him as a respondent to the abuse and neglect petition after the final adjudicatory hearing. He further argues that he was denied the opportunity to respond to the allegations in the abuse and neglect petition. Upon review of the record, this Court finds that Petitioner Stepfather waived this argument because he failed to raise it during the course of the underlying proceedings. This Court has repeatedly held that it "will not pass on a nonjurisdictional question which has not been decided by the circuit court in the first instance." Syl. Pt. 10, *Vandevender v. Sheetz, Inc.*, 200 W.Va. 591, 490 S.E.2d 678 (1997). Therefore, we decline to addresses Petitioner Stepfather's argument in this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II